UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    **13 CIV 5033**
------------------------------------------------------------X
DENNA BROWN,

                                              Civil Action No.
                                              Trial by Jury Demanded
                Plaintiff,

                                              **VERIFIED COMPLAINT**

        -against-

CITY OF NEW YORK,
and LUITENANT "JOHN" HOLLY,

                Defendants.
------------------------------------------------------------X

        Plaintiff, DENNA BROWN, by his attorney, ENRICO DEMARCO, ESQ., as and for her Verified Complaint, alleges upon information and belief, at all times hereinafter mentioned, as follows:

## ALLEGATIONS AS TO JURISDICTION OF THIS COURT

        1.        At all times hereinafter mentioned and at the commencement of this action, plaintiff, DENNA BROWN, was and still is a law-abiding citizen and resident of the City of New York, State of New York.

        2.        Defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") was and still is a political subdivision of the State of New York, duly organized and existing under and by virtue of the laws of the State of New York.

        3.        NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as "POLICE DEPARTMENT") was and still is a department and/or agency of the CITY.

        7.        Defendant "JOHN" HOLLY was a male approximately 5'-10" with husky build; the

first name being fictitious and unknown, was at the time of the incident herein, a CITY Police Officer employed by Defendant POLICE DEPARTMENT, specifically the PSA 5 Precinct, in New York County, held the rank of lieutenant was acting in the course of his duties and functions as a police officer of and for Defendant CITY and POLICE DEPARTMENT. (Defendant Holly is hereafter referred to as "Defendant POLICE OFFICER"). Defendant POLICE OFFICER is sued in both in his official and individual capacity.

8. On or about October 16, 2012, Plaintiff's Notice of Claim was duly served upon and filed with the CITY OF NEW YORK, within ninety days after the cause of action herein.

9. That Defendant CITY conducted a General Municipal Law 50-h hearing of the Plaintiff.

10. That at least thirty days have elapsed since the demands or claims upon which these actions are predicated were presented to the CITY for adjustment or payment thereof, and that such Defendant has neglected and/or refused to make an adjustment or payment thereof within said thirty days after presentation.

11. This action is commenced within one year and ninety days after said cause of action accrued, and within the applicable statute of limitations.

12. That the subject matter jurisdiction exists in this Court pursuant to 28 USC § 1331 inasmuch as the incidents which gives rise to all the events and/or omissions complained of herein involves violations of Federal Law, to wit: The United States Constitution; the 1st, 4th, 5th and 14th Amendments to the United States Constitution; and 42 USC §1981 and 42 USC §1983.

13. That venue exists in this Court inasmuch as all the parties hereto reside within the Southern District of New York.

14. Defendant POLICE OFFICER, was an officer of the PSA-5 Precinct, assigned, stationed

and/or otherwise deployed or otherwise present in and around the Plaintiff was illegally and wrongfully, detained, physically restrained seized and arrested, without probable cause in State of New York

15. Defendant POLICE OFFICER, cannot be identified with specificity as the information necessary to name this police officer is in the exclusive possession of Defendants, but was upon information and belief, a police officer and lieutenant of the Defendant POLICE DEPARTMENT assigned to, stationed, deployed and or otherwise present in and around the time and place where the incidents complained of herein.

16. Defendant POLICE OFFICER at the time of the incidents herein, was a CITY Police Officer employed by Defendants CITY and POLICE DEPARTMENT, as an employees and agent thereof. Throughout the events described herein, Defendant POLICE OFFICER and his subordinates were acting in the course of their duties and functions as police officers of Defendants CITY and POLICE DEPARTMENT.

17. Upon information and belief and at all times herein mentioned all Defendant POLICE OFFICER was and still is a citizen and resident of the State of New York.

18. Defendant POLICE OFFICER compromising Defendant HOLLY sued herein was under the direction, supervision, and control of the Defendant CITY and Defendant POLICE DEPARTMENT.

19. On July 21, 2012 Defendant POLICE OFFICER, was employed as a police officer and arrested, and/or directed the arrest of plaintiff without probable cause, or a lawful order or warrant issued by a neutral and detached magistrate.

20. On or about the aforementioned date and time defendant POLICE OFFICER struck

the plaintiff in the face, and, while aided by other police officers pushed her to the ground thereby causing her to sustain various personal injuries including a laceration to the face, and permanent scarring to the face that required medical treatment and caused plaintiff to suffer mental anguish and pain.

21. The limitations on liability as set forth in Article 16 of the New York Civil Practice Law and Rules do not apply to this action pursuant to the exceptions set forth in 1602, paragraphs 2, 5, and 11.

### FACTUAL ALLEGATIONS UNDERLYING ALL CAUSES OF ACTION COMPLAINED OF HEREIN

22. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "20", with the same force and effect as if fully set forth herein at length.

23. On the 21st day of July, 2012, at approximately 11:00 p.m.—11:30 p.m., Defendant POLICE OFFICER, aided by other officers under his direction and control, physically detained, and arrested plaintiff in the vicinity of 1734 Madison Avenue, in New York County, City and State of New York.

20. On or about the aforementioned date and time defendant POLICE OFFICER struck the plaintiff in the face, and pushed her to the ground thereby causing her to sustain various personal injuries including but not limited to a laceration to the face, and permanent facial scaring that required medical treatment and caused attendant pain and suffering.

21. That Defendant POLICE OFFICER thereafter falsely alleged that the basis of his arrest of plaintiff was that plaintiff engaged in disorderly conduct and resisted arrest on aforementioned date and place.

22. Plaintiff's arrest, detention and criminal prosecution was not supported by probable

cause or reasonable cause to believe that plaintiff had committed an offense. DEFENDANT POLICE OFFICER alleged and/or directed his agent to allege falsely in a criminal complaint that defendant acted disorderly and resisted a lawful arrest in New York County, City and State of New York on the aforementioned time and place.

23. On or about July 23, 2012 plaintiff was arraigned on the criminal complaint (Docket Number 2012NY056868) in New York County, Criminal Court and plaintiff was released upon that date.

24. Defendants intentionally, and knowingly made the aforementioned false statements and/or directed his subordinates to falsely make such statements set forth herein to the New York County District Attorney's Offices and their agents knowing that a criminal proceeding would be initiated by the New York County District Attorney.

25. The aforementioned statements made by defendants were false.

26. Defendants' knew such statements were false, and such statements were made intentionally, maliciously, or with reckless disregard for the truth and were calculated to cause plaintiff to be prosecuted in a criminal proceeding and to be incarcerated.

27. The aforementioned conduct by defendants was malicious in that the defendants gave the false statement to the New York County District Attorney with the purpose of initiating a criminal prosecution and causing plaintiff to be incarcerated.

28. As a result of Defendants' conduct, plaintiff was incarcerated and deprived her liberty commencing from the date of her arrest on July 21, 2012 through July 23, 2012.

29. As a result of such conduct, defendants caused plaintiff to suffer a loss of her liberty for two (2) days, humiliation and mental anguish and injury to plaintiff's reputation and other compensable loss, including various personal injuries.

## AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY

30. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "29", with the same force and effect as if fully set forth herein at length.

31. On or about the 21st day of July, 2012 at the aforementioned time and place, Plaintiff was intentionally and unlawfully struck in the face and thrown to the ground by defendant POLICE OFFICER.

32. Defendant POLICE OFFICER during his assault of plaintiff was acting Defendants CITY and POLICE DEPARTMEN, and Defendant CITY knew and/or should have reasonably known that Defendant POLICE OFFICER would engage in violent and unlawful acts against plaintiff.

33. As a result of the foregoing, plaintiff suffered various bodily injuries, mental pain and anguish that continue to the present date.

34. That the aforementioned occurrence was caused by the intentional, and negligent acts of the Defendants.

35. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

36. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

## AS AND FOR A SECOND CAUSE OF ACTION FOR UNLAWFUL IMPRISONMENT

37. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "35", with the same force and effect as if fully set forth herein at length.

38. On or about the 21st day of July, 2012, Plaintiff was seized, arrested, and

deprived of her liberty, all against her will and without her consent by Defendant POLICE OFFICER and the agents he directed.

39. That Plaintiff was deprived her liberty, and physically restrained by Defendant POLICE OFFICER and other police officers under his control and supervision, and that Defendant POLICE OFFICER was acting individually and in his capacity as an agent of the Defendant CITY and POLICE DEPARTMENT.

40. Defendants further deprived Plaintiff her liberty by causing a criminal proceeding to be initiated and maintained without any lawful basis.

41. Plaintiff's arrest and physical detention was unlawful and constitutes an unlawful imprisonment.

42. As a result of the foregoing, Plaintiff suffered a loss of liberty and suffered emotional distress as a consequence of Defendants conduct which were in violation of the New York State and US Constitution.

43. That the aforementioned occurrence was caused by the negligent, grossly negligent, wrongful, careless, reckless and intentional acts of the Defendants.

44. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

45. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

### AS AND FOR A THIRD CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1"

through "45", with the same force and effect as if fully set forth herein at length.

47. Defendants acting under the color and authority conferred upon them by the Laws of the State of New York, and CITY OF NEW YORK, on intentionally and/or negligently caused Plaintiff to suffer mental and emotion distress, as a result of the unlawful assault, arrest, malicious prosecution and unlawful imprisonment of plaintiff.

48. That Defendant CITY, POLICE OFFICER and their agents negligently permitted such acts to continue and/or occur as a result of the policies and directives of Defendants

49. That the aforesaid acts of Defendants were negligently, recklessly, wantonly conducted by Defendants, in a manner so shocking and outrageous that they exceeded all reasonable bounds of decency, thereby negligently causing Plaintiff to suffer emotional distress.

50. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

### AS AND A FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO PROPERLY HIRE, RETAIN, AND SUPERVISE POLICE PERSONNEL

51. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "50", with the same force and effect as if fully set forth herein at length.

52. Defendant CITY did not exercise reasonable care and diligence in the selection, employment, training of its agents, servants and employees, specifically Defendant POLICE OFFICER; Defendant CITY negligently and carelessly failed to provide competent, experienced, trained and skillful agents, servants and/or employees at the aforementioned time and place of the unlawful assault, restraint and unlawful prosecution of Plaintiff; Defendants did

not exercise reasonable care and diligence and were negligent in the hiring and retention of Defendant POLICE OFFICER; failed to protect Plaintiff from bodily harm, unlawful physical restraint and detention, and free from unlawful searches and seizures of plaintiff's person; and Defendants did not exercise reasonable care and diligence and were negligent in failing to train and instruct it agents, servants and/or employees with respect to the lawful use of force, detention, seizure and/or arrest, and maintenance of a criminal proceeding against persons such as Plaintiff.

53. At the time of the incidents described herein Defendant POLICE OFFICER and other police officer agents were employed and acting as agents on behalf of Defendant CITY and POLICE DEPARTMENT.

54. Defendant POLICE OFFICER had been trained by Defendants CITY and POLICE DEPARTMENT as a police officer.

55. Defendant POLICE OFFICER was at all times under the supervision of Defendants CITY and POLICE DEPARTMENT.

56. Defendant POLICE OFFICER, upon information and belief, and based upon their actions described herein, had a propensity to unlawfully disregard the civil rights of citizens, and engage in violent acts towards citizens.

57. Defendants CITY and POLICE DEPARTMENT failed to adequately monitor, supervise, oversee, prepare, train, implement and enforce guidelines and directives of the conduct of their employees and DEFENDANT POLICE OFFICER and intentionally and/or negligently hired, and retained Defendant POLICE OFFICER who possessed a propensity for abuse and disregard of civil rights.

58. By reason of the foregoing, Plaintiff sustained personal injuries, mental pain, and

suffering resulting from Defendant POLICE OFFICERS unlawful assault, and detention of Plaintiff.

59. That the aforementioned occurrence was caused by the negligent, grossly negligent, wrongful, careless, reckless and intentional acts of the Defendants.

60. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

61. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR ABUSE OF PROCESS

62. Plaintiff repeats and realleges each of the allegations contained in paragraphs "1" through "61."

63. Defendants intentionally, and knowingly made the aforementioned false statements set forth herein that caused the initiation of a criminal prosecution.

64. The aforementioned statements were made by defendants to initiate a criminal prosecution and arrest of Plaintiff.

65. Defendants caused and continued to maintain a criminal prosecution without a lawful basis.

66. The use of the arrest process and criminal prosecution of Plaintiff was for an improper and unlawful purpose or a purpose other than it's legitimate purpose.

67. As a result of such abuse of process, Defendants caused Plaintiff to suffer

loss of liberty, humiliation and mental anguish resulting from criminal prosecution, injury to plaintiff's reputation, injury and inconvenience to plaintiff caused by his arrest and imprisonment, expenses incurred in defending the criminal prosecution, and other compensatory damages.

68. Accordingly, Plaintiff demands a judgment against defendants in the sum of Three Million ($3,000,000.00) Dollars, together with interest and costs thereon.

## .AS AND FOR A SIXTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS

69. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "68", with the same force and effect as if fully set forth herein at length.

70. The conduct and/or omissions by Defendants was unlawful and under the color of State and local laws and/or pursuant to a governmental policy and custom concerning the prosecution and detention of persons arrested.

71. Defendants conduct, specifically defendant unlawful use of physical force, maintaining and continuing a criminal prosecution maliciously and without lawful basis, and unlawfully imprisoning, abusing the true purpose of the criminal proceeding, and intentional inflicting emotional distress, without cause or justification, violated Plaintiff's rights, privileges and immunities as guaranteed under the United States Constitutions, Amendment One, Four, Five, Fourteen, and under the Civil Rights Acts 42 USC § 1981 and 42 USC § 1983.

72. Plaintiff has been damaged and suffered significant bodily injuries, loss of liberty, emotional distress and conscious pain and suffering as hereinbefore alleged as a result of these actions and the deprivation of Plaintiff's Constitutional and Civil Rights.

73. That the aforementioned occurrence was caused by the negligent, grossly

negligent, wrongful, careless, reckless and intentional acts of the Defendants.

74. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

75. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York and the United States to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

### AS AND FOR AN SEVENTH CAUSE OF ACTION FOR EXEMPLARY AND PUNITIVE DAMAGES

76. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "75", with the same force and effect as if fully set forth herein at length.

77. That the aforementioned tortious acts were malicious, willful, flagrant reckless and wanton and constituted gross misconduct and gross negligence.

78. Defendants authorized, permitted and ratified the unlawful and negligent acts of Defendants their agents, servants and employees.

79. That by reason of the foregoing, Plaintiff demands punitive and exemplary damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS against Defendants, together with interest, costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

A) Three Million ($3,000,000.00) Dollars on the first cause of action alleged and complained herein;

B) Three Million ($3,000,000.00) Dollars on the second cause of action alleged and complained herein;

C) Three Million ($3,000,000.00) Dollars on the third cause of action alleged and complained herein;

D) Three Million ($3,000,000.00) Dollars on the fourth cause of action alleged and complained herein;

E) Three Million ($3,000,000.00) Dollars on the fifth cause of action alleged and complained herein;

F) Three Million ($3,000,000.00) Dollars on the sixth cause of action alleged and complained herein;

G) Five Million ($5,000,000.00) Dollars on the seventh cause of action alleged and complained herein representing punitive and exemplary damages; and

H) for such other further relief as this Court deems just, proper, fair and equitable all together with the cost of disbursements of this action.

Dated: New York, New York
July 17, 2013

Yours, etc.,

ENRICO DEMARCO, ESQ.(9579ED)
Attorney for Plaintiff *DENNA BROWN*
250 PARK AVENUE, SUITE 700
NEW YORK, NEW YORK 10177
EMAIL: EDEMARCOLAW@AOL.COM
(212) 685-4700

VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
CITY OF NEW YORK  )

DENNA BROWN, being duly sworn, deposes and says:

1. I have read the foregoing Complaint and know the contents thereof; that the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe the contents thereof to be true to the best of my knowledge.

2. The grounds of my belief as to all matters not stated upon my knowledge are correspondence had between the parties.

_____
DENNA BROWN

Sworn to before me this
18th day of July 2013

_____
Notary Public

HISABEL M SANTIAGO
Notary Public - State of New York
NO. 01SA6119466
Qualified in Bronx County
Commission Expires 4/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        Civil Action No.:
==================================================================
DENNA BROWN,

                              Plaintiff,

      -against-

CITY OF NEW YORK,
and LUITENANT "JOHN" HOLLY,

                              Defendants.

==================================================================

### SUMMONS AND VERIFIED COMPLAINT

==================================================================

ENRICO DEMARCO, ESQ.
ATTORNEY FOR PLAINTIFF
Office and Post Office Address
250 PARK AVENUE
SUITE 700
NEW YORK, NEW YORK 10177
(212) 685-4700

==================================================================